**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wade Vincent SHANG, Defendant–Appellant.**

**No. 06–15354.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007 *.

Filed Jan. 29, 2007.

Thomas M. Moore, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Nina Wilder, Esq., Weinberg & Wilder, San Francisco, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Wade Vincent Shang appeals from the district court's denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Shang argues that his Sixth Amendment rights were violated by the ineffective assistance of his trial counsel. Shang also moves to expand the certificate of appealability ("COA") to encompass his argument that his appellate counsel was constitutionally ineffective. We have jurisdiction over Shang's appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm, and we deny Shang's request to expand the COA.[1]

We review the district court's denial of a § 2255 motion de novo, while reviewing the district court's factual findings for clear error. *United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir.2002). A district court's determination as to whether counsel was constitutionally ineffective is also reviewed de novo. *Id.*

In 2003, Shang was tried on five counts of attempted income tax evasion. He was convicted of three counts and acquitted of two; another count was overturned on appeal. Shang now contends that his trial attorney based his defense on a misunderstanding of controlling law concerning tax evasion charges. According to Shang, his counsel relied on a *"Merritt* defense" derived from *Merritt v. United States,* 327 F.2d 820 (5th Cir.1964), erroneously believing that a generalized showing that the government has failed to conduct a sufficiently thorough investigation will invalidate a multi-year indictment.

We reject Shang's ineffectiveness claim because Shang has failed to show that his trial counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, any reliance by counsel on *Merritt* was not per se unreasonable, because *Merritt* does not, contrary to Shang's assertion, conflict with Ninth Circuit law. Second, in his motion for acquittal, Shang's counsel's use of *Merritt* was reasonable and did not evidence a misunderstanding of Ninth Circuit law. Third, at trial, Shang's counsel pursued a sound strategy of showing specific errors in the government's calculations for particular tax years, and did not simply present a generalized defense to the indictment.

We also deny Shang's motion to expand the COA. Shang's appellate counsel filed a timely appeal and made appropriate legal arguments for reversing the district court's denial of the motion for acquittal. The attorney's choices regarding how to make use of *Merritt* were also highly reasonable. Shang has not made a substantial showing that he was denied his Sixth Amendment right to effective assistance of counsel on appeal; thus, 28 U.S.C. § 2253(c)(2) bars us from expanding the COA.

**AFFIRMED; motion to expand COA DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with it, we do not recite the procedural and factual background, except as necessary to understand our disposition.